# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL E. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11-0427-CV-W-ODS-P |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS, DENYING PETITIONER'S REQUEST FOR A STAY OF THE PROCEEDINGS, AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Michael E. Jackson, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 20, 2011, seeking to challenge his 2005 convictions and sentences for first degree murder and armed criminal action, which were entered in the Circuit Court of Jackson County, Missouri.[1]

The petition raises eight grounds for relief: (1) that direct appeal counsel was ineffective in not bringing certain claims; (2) that trial counsel was ineffective in failing to request and pursue a jury instruction on involuntary manslaughter; (3) that trial counsel was ineffective in failing to request a self-defense instruction;[2] (4) that trial counsel was ineffective in failing to call an expert witness to testify regarding failings in "human perception and memory;" (5) that trial counsel was ineffective in failing to use a three-dimensional model as an exhibit for the jury; (6) that trial counsel was ineffective in failing to object to improper closing arguments by the State; (7) that the trial court

---

[1] Petitioner also pled guilty to third degree assault of a police officer in Jackson County Circuit Court. However, he does not challenge this conviction in his petition.

[2] Petitioner has multiple sub-grounds under ground 3, as discussed *infra*.

erred in the giving of jury instruction 9; and (8) that there was insufficient evidence of first degree murder. Respondent contends that grounds 1-4 are procedurally defaulted, and that grounds 5-8 are without merit.

## **SUMMARY OF THE FACTS**

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> [Petitioner] shot Mr. Terrell Gethers during an argument, and Mr. Gethers fell facedown toward [petitioner]. [Petitioner] stepped back and shot Mr. Gethers in the back of the head. [Petitioner] removed Mr. Gethers' coat and searched through the pockets. [Petitioner] went to Mr. Gethers' car, removed a large stereo speaker from the trunk, dragged Mr. Gether's body to the car, and then placed him in the trunk. As [petitioner] closed the trunk, the police arrived. [Petitioner] moved toward his car, and the police approached him. A scuffle ensued during which [petitioner] attempted to grab one of the officers' firearms. [Petitioner] escaped and drove away with the police in pursuit. The police chase ended when [petitioner] crashed into another vehicle.
>
> At the time of his arrest, [petitioner] was carrying a .38 revolver, six shell casings, and Mr. Gethers' driver's license. A criminalist determined those casings were from bullets fired from the .38 revolver. A medical examiner determined Mr. Gethers had one gunshot wound to the chest, one gunshot wound to the side of his head, and two gunshot wounds toward the top and back of his head. He opined the injuries were consistent with a situation where Mr. Gethers was "lying on the ground and at least three shots went into his head...while he was lying on the ground facedown." After hearing the foregoing evidence, a jury convicted [petitioner] of first-degree murder and [armed criminal action].

(Respondent's Exhibit E, pp. 1-2).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and

convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[3] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## PETITIONER'S MOTION FOR A STAY

Petitioner moves for a stay of these proceedings in order to "further the appeal" of grounds 1-4, thereby correcting his procedural default. (Doc. No. 1, pg. 7); (see also Doc. No. 4). However, it is clear from the record that petitioner already has exhausted his direct and collateral state appeals. (See Doc No. 7, Respondent's Exhibits F and K for relevant state court decisions). Therefore, petitioner has exhausted his state court remedies. Any grounds that were not brought on direct or collateral appeal are now defaulted (see discussion of grounds 1-4 *infra*). Because petitioner has not shown cause for a stay or cause to amend the petition, his motion will be denied.

## PROCEDURAL DEFAULT OF GROUNDS 1-4

In his first ground for relief, petitioner contends that direct appeal counsel was ineffective for not bringing two claims on appeal: 1) that the trial court refused to instruct the jury on self-defense, and 2) that the trial court refused to instruct the jury on involuntary manslaughter. In his second ground, petitioner contends that trial counsel was ineffective in failing to request and pursue an involuntary manslaughter jury instruction. In ground three, petitioner again alleges ineffective assistance of trial counsel, for the following reasons: 1) counsel did not request a self-defense instruction; 2) counsel did not pursue self-defense as petitioner's defense; 3) counsel admitted that

---

[3]"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

petitioner was guilty of voluntary manslaughter; and 4) counsel advised petitioner to waive his right to testify without telling him that his statements to police were inadmissible. In ground four, petitioner contends that trial counsel was ineffective in failing to hire an expert witness who could testify that "human perception and memory" are potentially faulty. Respondent correctly notes that none of these grounds were raised on appeal in the state courts.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

A review of the record shows that petitioner defaulted grounds 1-4 by not raising them in his direct or collateral state appeals. State ex rel. Green v. Moore, 131 S.W.3d 803, 805 (Mo. 2004) (en banc); (See Respondent's Exhibits C & I for grounds that were raised on state appeal). Petitioner argues that he wanted counsel to include ground 1 in his amended Rule 29.15 motion, and grounds 2-4 on appeal, but that counsel refused to do so. (See Doc. No. 11, pg. 15). Petitioner cites Clemmons v. Delo, 124 F.3d 944, 948-49 (8th Cir. 1997), for the proposition that he has not defaulted his claims. In Clemmons, the petitioner requested, on direct appeal, that counsel raise an additional "130 points" that were not in counsel's brief. The Eighth Circuit held:

> we do not know what else [Clemmons] could have done, as a practical matter, to present the claim to [the state court] for decision

> on the merits. We therefore hold that the claim was fairly presented, and that the merits are now open for decision on federal habeas corpus.

Id. However, Clemmons is distinguishable from this case. First, in Clemmons, the petitioner went directly to the Missouri Supreme Court for leave to file a pro se brief. Here, petitioner claims that he filed a pro se "motion for rehearing and/or transfer to the [Missouri] Supreme Court." (Doc. No. 11, pg. 16). However, he has not provided a copy of that motion. Further, unlike Clemmons, petitioner did not file an actual supplemental brief with either the Missouri Court of Appeals or the Missouri Supreme Court. (At least, he has not provided evidence of such in this Court). All this Court is left with are petitioner's unsupported assertions that he attempted to bring his now-defaulted grounds before the Missouri Court of Appeals and/or Missouri Supreme Court. This Court has received no evidence showing petitioner's attempt to present these grounds on state appeal. Petitioner has not shown that he did all that he "could have done." Id.

Petitioner has not fit the narrow exception of Clemmons, in which "unique circumstances" meant that a default had not occurred at all. Id. Because petitioner's grounds are procedurally defaulted, they may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750 (1991). The Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

Petitioner essentially disagrees with the actions of his attorneys. However, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation. . ." Coleman, 501 U.S. at 753. "So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the

-5-

Case 4:11-cv-00427-ODS   Document 12   Filed 12/27/11   Page 5 of 15

standard established in Strickland v. Washington, [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." Id. at 752 (citation omitted).

As to ground 1 of this petition, which was not raised in petitioner's amended Rule 29.15 motion, petitioner claims that the Jackson County Circuit Court erred in not considering his pro se claims. However, Mo. Sup. Ct. Rule 29.15(g) states that an amended Rule 29.15 motion "shall not incorporate by reference material contained in any previously filed motion." Petitioner's pro se filing may have raised the claim, but the amended motion filed by counsel did not. Under this Rule, the motion court was not required to explicitly address petitioner's pro se claims, since they were not incorporated into his amended Rule 29.15 motion. Therefore, the motion court did not err, and petitioner has failed to show cause for his default of ground 1.

As to grounds 2-4, which were not raised on appeal from the denial of post-conviction relief, the Eighth Circuit has explicitly stated that alleged ineffective assistance of post-conviction relief counsel in not raising all of petitioner's desired claims cannot excuse procedural default. Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005). Consequently, no cause has been shown for the default of grounds 2-4.

Finally, the Court can still reach the merits of petitioner's claims if he can show that he is "probably actually innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with new reliable evidence . . . that was not presented at trial." Second, he must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. (citing Schlup v. Delo, 513 U.S. 298 (1995)). A review of the record reflects that

petitioner has failed to satisfy this test.

Petitioner has failed to show that he falls into the Clemmons exception to procedural default; he has failed to show cause for the default of grounds 1-4; and he has failed to meet the Schlup standard for actual innocence. Id. Federal review of grounds 1-4 is not required to prevent a "fundamental miscarriage of justice." Carrier, 477 U.S. at 495.

Grounds 1-4 are denied.

## GROUND 5

In his fifth ground for relief, petitioner contends that trial counsel was ineffective in failing to use a three-dimensional model of the victim. Petitioner claims that a model could have shown to the jury that the shots fired into the victim's head were not from behind. Therefore, he claims, the State's theory of premeditated murder (the perpetrator shooting the victim while he lay facedown on the ground) would be undermined. On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 29.15 motion, the Missouri Court of Appeals disposed of this claim as follows:

> First, the movant must show that counsel's performance was deficient, in that it "did not conform to the degree of skill, care and diligence of a reasonably competent attorney" under similar circumstances. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The movant must overcome the strong presumption that counsel *was* competent and that any challenged action was a part of a sound trial strategy. *Id.* at 687; *Middleton*, 103 S.W.3d at 732. Second the movant must show that his defense was prejudiced by counsel's deficient performance. *Strickland*, 466 U.S. at 687. To demonstrate prejudice, the movant must show that, absent the claimed errors, there is a reasonable probability that the outcome of the trial would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*
>
> . . .
>
> In determining whether there is prejudice, we can consider the strength of the evidence of guilt. *See Strickland*, 466 U.S. at 695-97;

Case 4:11-cv-00427-ODS   Document 12   Filed 12/27/11   Page 7 of 15

> *Anderson v. State*, 66 s.W.3d 770, 778 (Mo. App. 2002). Here, the only gun involved in the crime was the .38 revolver found in [petitioner]'s possession. The gun contained six shell casings, suggesting that [petitioner] had emptied the gun in shooting Gethers. [Petitioner] also had a holster on him. The jury could reasonably infer that because he was in possession of the holster, he likely was the one who was carrying the gun when the incident started. Two independent eyewitnesses saw [petitioner] shoot the victim. One saw the victim fall forward toward [petitioner] and [petitioner] continue shooting at him as he lay on the ground. The other saw [petitioner] shoot the victim at least once while he was on the ground. This scenario was borne out by Dr. Gill's testimony. [Petitioner] took the victim's coat and identification and hid the body in the trunk of the victim's car. When police arrived, he struggled with them and fled, showing consciousness of guilt and that he had no plan to report the shooting or obtain help for the victim.
>
> [Petitioner]'s actions, considered together as a whole, were inconsistent with any theory of a less culpable mental state; thus, there is no reasonable probability that the result of the trial would have been different had counsel chosen a different visual aid. Based on the foregoing, the point is denied.

(Respondent's Exhibit K, pp. 8-11).

In addition to the above excerpt, in which the Missouri Court of Appeals found the second Strickland prong unsatisfied by petitioner, the Court of Appeals also found the first prong unsatisfied.[4] The resolution of ground 5 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the

---

[4]The Court of Appeals found that counsel's decision not to use a three-dimensional model was a matter of trial strategy, and that trial strategy cannot display deficient attorney performance under Strickland. (Respondent's Exhibit K, pp. 8-10).

Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[5]

Ground 5 is denied.

## GROUND 6

In his sixth ground for relief, petitioner contends that trial counsel was ineffective in failing to object to improper closing arguments by the State. Petitioner also contends that direct appeal counsel was ineffective in failing to raise the impropriety of the State's argument on direct appeal.

At trial, the State presented expert witness Dr. Thomas Gill, a Deputy Medical Examiner for Jackson County, Missouri. Gill testified, *inter alia*, that the victim's wounds were consistent with falling facedown toward the ground. (Respondent's Exhibit A, pg. 587-88). This tended to corroborate two previous eyewitness accounts, that the victim had been shot multiple times, after falling to the ground. It also supported the State's theory of premeditated murder.

Defense counsel attempted to undermine Dr. Gill's testimony by posing hypotheticals. These hypotheticals involved Gill's testimony that there was "movement" during the shooting. Defense counsel for petitioner tried to show that there was a struggle during the shooting, a situation closer to second-degree murder than first-degree.

The State, in turn, commented on defense counsel's hypotheticals in closing argument. The prosecutor argued to the jury that

> You can use your common sense. And, you know, remember that **hypotheticals are hypotheticals.** What the witnesses testified to are

---

[5] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

> the evidence. And Vera Robinson saw him on the ground, three shots going into his head. Diane Richardson saw the last shot going into his head.

(Respondent's Exhibit A, pp. 639-40) (emphasis added).

The prosecutor further argued the following in rebuttal:

> What Dr. Gill said was consistent. It is with what Vera Robinson said. He was lying stomach down, face down in the snow on the sidewalk when the three bullets went in his head. That is what she saw. That is what she came in and testified to. You can judge her credibility, ladies and gentlemen. Please do. She is a credible witness who has no motive to lie for either side. She didn't know anybody. That is what she saw and that is what Dr. Gill said these injuries to the back of the head are consistent with. That what he said was consistent. **There wasn't a hypothetical here.** That is what she saw; that is what he said they are consistent with.

(Respondent's Exhibit A, pp. 662-63) (emphasis added).

Examining these portions of the record, among others, the Court of Appeals disposed of petitioner's ineffective assistance claim as follows:

> We cannot say that the State did not have the right to comment on the contrast between the testimony of the eyewitness and the expert testimony that *was* hypothetical to the extent that it was argued by the defense as establishing that the only thing moving was the victim's head, and to the extent it suggested that the victim was lunging, as opposed to the force of the bullets causing the head to move. . . .
>
> In any event, the jury was not misled by the State's argument. Whether the gun, or [petitioner], or the victim's head was moving while the victim was either falling to the ground or on the ground is essentially a "red herring." It could not have any significant bearing on the jury's determination of whether [petitioner] was guilty of first-degree murder. The evidence established that four of the bullets entered the victim's head, with three of them at a back-to-front trajectory. . . .
>
> In view of the written instruction provided to the jury that a question may be considered to the extent it provides meaning to the answer, and in view of what the evidence of the case actually was, we hold

-10-

> that the motion court's denial of [petitioner's sixth ground for relief] was not clearly erroneous.

(Respondent's Exhibit K, pp. 20-21).

As to petitioner's claim that direct appeal counsel was ineffective for failing to raise the State's allegedly improper closing arguments on appeal, the Missouri Court of Appeals found:

> In light of our determination herein that the State's closing argument was not improper, appellate counsel cannot have been ineffective in failing to raise a claim of error relating to it. *See Hall v. State*, 16 S.W.3d 582, 588 (Mo. banc 2000) (appellate counsel is not ineffective for failing to raise a non-meritorious claim).

(Respondent's Exhibit K, pg. 22).

The resolution of ground 6 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams, 529 U.S. at 412.

Ground 6 is denied.

## GROUND 7

In his seventh ground for relief, petitioner contends that the trial court erred in giving jury instruction number 9. This instruction dealt with the armed criminal action count against petitioner. As respondent notes, for a federal district court to grant habeas relief under § 2254 on an alleged improper jury instruction, the petitioner must show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991). Petitioner has not satisfied this standard.

-11-

On direct appeal, the Missouri Court of Appeals disposed of petitioner's claim as follows:

> [Petitioner] argues the trial court erred in submitting Jury Instruction 9, the verdict director for [armed criminal action], because it did not comply with Missouri Approved Instructions-Criminal (MAI-CR) 3d 332.02, the mandatory instruction for ACA. He also argues that inserting the word *knowingly* in Jury Instruction 9 was erroneous because it excused the State from proving [petitioner]: (1) *knowingly* used a deadly weapon to murder Mr. Gethers and (2) *deliberated* in killing Mr. Gethers. Because counsel failed to object to the jury instructions, [petitioner] requests relief under plain error review. . . .
>
> A year before [petitioner]'s trial, the Missouri Supreme Court held that "section 562.021.3 required an [ACA] charge to contain the culpable mental state of acting purposely or knowingly." *See State v. Williams*, 126 S.W.3d 377, 383 (Mo. banc 2004) . . . No error resulted in the submission of Instruction No. 9 . . . because it was in conformity with the substantive law at the time of the trial. *See Whalen*, 49 S.W.3d at 188.
>
> Neither did error result from the placement of *knowingly* in Instruction 9 . . .
>
> Instruction 9 requires a guilty verdict if the jury finds beyond a reasonable doubt: "that defendant is guilty of the offense of first-degree murder, as submitted in Instruction 5," and "that defendant knowingly committed that offense by or with or through the use of assistance or aid of deadly weapon[.]" The Missouri Supreme Court in *State v. Belton*, 153 S.W.3d 307, 310-11 (Mo. banc 2005), held that an instruction identical in format to Instruction 9, properly instructed the jury to find the defendant acted knowingly in committing ACA and to find the defendant acted recklessly in committing involuntary manslaughter. Because Instruction 9 required the jury to first find that the defendant committed the offense according to a separate instruction and then find that the defendant knowingly did so with the use of a weapon, the jury was not misdirected nor was the State excused from proving deliberation for first-degree murder or proving knowingly for [the] ACA count. Thus, no errors, plain or otherwise, resulted in the submission of the instruction so [petitioner]'s [seventh ground for relief] is denied.

(Respondent's Exhibit E, pp. 2-5).

The resolution of ground 7 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams, 529 U.S. at 412.

Ground 7 is denied.

## GROUND 8

In his eighth and final ground for relief, petitioner contends that there was insufficient evidence to support his conviction of first-degree murder. Specifically, petitioner contends that the State did not prove deliberation. Similar to his seventh ground for relief, petitioner faces a high burden. Under Jackson v. Virginia, 443 U.S. 307, 319 (1979), federal habeas relief cannot be granted if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

On direct appeal, the Missouri Court of Appeals disposed of petitioner's claim as follows:

> A person commits the crime of first-degree murder "if he knowingly causes the death of another person after deliberation upon the matter." § 656.020.1. The required element of deliberation "'sets first-degree murder apart from all other forms of homocide.'" *State v. Strong*, 142 S.W.3d 702, 717 (Mo. banc 2004) (quoting *State v. O'Brien*, 857 S.W.2d 212, 217-18 (Mo. banc 1993)). "Deliberation" is defined as "cool reflection for any length of time no matter how brief." § 565.002(3). Proof of deliberation must ordinarily be provided through the circumstances surrounding the crime. *State v. Ferguson*, 20 S.W.3d 485, 497 (Mo. banc 2000). "Deliberation may be inferred, but it must still be proved beyond a reasonable doubt." *Strong*, 142 S.W.3d at 717. Deliberation requires proof "that the killer had ample opportunity to terminate the attack once it began." *Id.* (quoting *State v. Johnston*, 957 S.W.2d 734, 747 (Mo. banc

-13-

> 1997)).
>
> . . .
>
> Viewing the facts most favorable to the jury's verdict, [petitioner] shot Mr. Gethers a total of four times, with three of the shots being fired to the back of Mr. Gethers head while he was laying facedown. [Petitioner] removed Mr. Gethers' coat, perused through his pockets, and then put Mr. Gethers' body into the trunk of [] Mr. Gethers' car. He resisted arrest and fled the scene in his car when the police arrived. Because there is sufficient evidence from which a reasonable juror might have found [petitioner] deliberated before killing Mr. Gethers beyond a reasonable doubt, [petitioner]'s second point is denied.

(Respondent's Exhibit E, pp. 5-6).

The resolution of ground 8 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in <u>Williams</u>, 529 U.S. at 412.

Ground 8 is denied, and the case will be dismissed, with prejudice.

### **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." <u>Tennard v. Dretke</u>, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. <u>See</u> 28 U.S.C. § 2254, Rule 11(a).

**ORDER**

Accordingly, it is **ORDERED** that:

(1) petitioner's motion to amend the petition and stay the proceedings, (Doc. No. 4), is denied;

(2) the above-captioned petition for a writ of habeas corpus is denied;

(3) this case is dismissed with prejudice; and

(4) the issuance of a certificate of appealability is denied.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH
                                              UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: December 27, 2011.